UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| KIMBERLY AKER, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br>vs.<br><br>REAL TIME RESOLUTIONS, INC.<br><br>        Defendant. | Case No.: 13-cv-1311<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Kimberly Aker is an individual who resides in the Eastern District of Wisconsin (Kenosha County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her a debt allegedly incurred for personal, family or household purposes.

5. Defendant Real Time Resolutions, Inc. ("Real Time") is a foreign corporation with its principal place of business located at 1349 Empire Central Drive, Suite 150, Dallas, Texas 75247-4029.

6. Real Time is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. Real Time is in the business of purchasing and collecting debts, incurred for personal, family or household purposes, which are in contractual default at the time of purchase. *See Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534 (7th Cir. 2003).

8. The FDCPA treats assignees as debt collectors if the debt sought to be collected was in default when acquired by the assignee, and as creditors if it was not. 15 U.S.C. § 1692a(6)(F)(iii); *Schlosser*, 323 F.3d at 536, *citing Bailey v. Sec. Nat'l Serving Corp.*, 154 F.3d 384, 387 (7th Cir. 1998); *Whitaker v. Ameritech Corp.*, 129 F.3d 952, 958 (7th Cir. 1998); *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 403-04 (3d Cir. 2000); *Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 106-07 (6th Cir. 1996); *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985).

9. With respect to the Plaintiff and the Class, Real Time is a debt collector as defined in 15 U.S.C. § 1692a.

**FACTS**

10. On or around March 29, 2013, Real Time mailed a debt collection letter to Plaintiff regarding an alleged debt. A copy of this letter is attached to this complaint as <u>Exhibit A</u>.

11. The alleged debt identified in <u>Exhibit A</u> was an alleged non-recourse, second mortgage on Plaintiff's home that was foreclosed in 2010. *See One West Bank*, *FSB v. Kim L. Aker, et al.*, No. 2010CV2148 (Kenosha Cty. Cir. Ct., filed Sept. 28, 2010).

12. In exchange for a shorter, six month redemption period, no deficiency was sought or permitted to be sought in the foreclosure action, pursuant to Wis. Stat. § 846.101. *One West*

*Bank*, *FSB v. Kim L. Aker, et al.*, No. 2010CV2148 (Oral Ruling on Motion for Summ. J., June 26, 2012).

13. Plaintiff disputes the alleged debt in its entirety. As the alleged debt referenced in Exhibit A was a non-recourse loan, and the property secured by the loan was sold in a foreclosure sale, Plaintiff is not liable for the alleged debt that Defendant is attempting to collect.

14. Upon information and belief, Real Time took assignment of the alleged debt referred to in Exhibit A, after the account was allegedly in default.

15. Upon information and belief, Real Time took assignment of every class member's alleged account, after the account was allegedly in default, because the accounts were purchased from the previous lenders as part of a portfolio of "bad debt." Real Time is a debt collector with respect to the Plaintiff's and class members' alleged debts.

16. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

17. Exhibit A purports to offer the consumer a chance to settle her alleged debt at a discounted "winning percentage," the amount of which is revealed by scratching the houses on an enclosed "scratch-and-win" card.

18. A copy of the enclosed "scratch-and-win" card is attached as Exhibit B.

19. On or around September 27, 2013, Real Time mailed a debt collection letter to Plaintiff regarding the same alleged debt identified in Exhibit A. A copy of this letter is attached to this complaint as Exhibit C.

20. Exhibit C purports to offer three settlement "Plans."

21. Exhibit C states that: "**These great offers expire on 10/15/13**." (emphasis in original.)

22. The second and third pages of Exhibit C also include explicit references to either the full settlement payment or first payment being due by October 15, 2013.

**False Statements in Exhibit A**

23. Exhibit A purports to extend a chance to "win" a settlement offer to Plaintiff of up to 88 percent of the "Amount Due" by scratching the "scratch-and-win" card.

24. The "scratch-and-win" card is a sham, intended to fool class members into believing that they have won a significant discount on a large outstanding obligation. In fact, the class members have won nothing.

25. Upon information and belief, all of the "scratch-and-win" cards printed and mailed to the class members purport to offer 88% off the alleged balance due.

26. Additionally, Exhibit C identifies the alleged debt at issue in this action as a "loan with no recourse." Plaintiff has no obligation to pay the debts identified in Exhibit A beyond foreclosure of the property.

27. Thus, Exhibits A and C misrepresent to the consumer that paying 12 or 15 percent of the debt is a benefit because the consumer is not obligated to pay anything.

**False Statements in Exhibit C – Settlement Amount Is Available At Any Time**

28. Further, the statement: "**These great offers expire on [date]**" in Exhibit C is also false and misleading because, upon information and belief, Real Time would accept a settlement of 15% of the "Amount Due" or less at any time.

29. Statements and implications in debt collection letters to the effect that a settlement offer may expire on a specific date, or that payments received after that date may not be eligible for that settlement offer, or that the debt collector and/or creditor may or may not revoke or modify the settlement offer after a date certain, are ambiguous, false, misleading and confusing to the unsophisticated consumer.

4

30. Upon information and belief, Real Time purchased the bad debt portfolio that included Plaintiff's and class members' alleged debts for significantly less than 15 percent of face value of the debts in the portfolio.

31. Moreover, because the Plaintiff's and class members' debts are "without recourse," Real Time lacks the ability to sue and obtain a judgment to collect the class members' alleged debts. As a result, the chance of actually collecting any portion of any class member's debt is reduced, and the value of the alleged debts as accounts receivable is significantly lower than other debts.

32. Such false statements are material false statements, as they impart in the unsophisticated consumer, a false belief that he or she must hurry to take advantage of a limited-time opportunity, when in reality, there is no such time limit.

33. The Seventh Circuit has established "safe harbor" language regarding settlement offers in collection letters:

> As in previous cases in which we have created safe-harbor language for use in cases under the Fair Debt Collection Practices Act, we think the present concern can be adequately addressed yet the unsophisticated consumer still be protected against receiving a false impression of his options by the debt collector's including with the offer the following language: "We are not obligated to renew this offer." The word "obligated" is strong and even the unsophisticated consumer will realize that there is a renewal possibility but that it is not assured.

*Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 775-76 (7th Cir. 2007).

34. Defendant did not use the safe harbor language in Exhibit C.

35. Upon information and belief, the "deadline" to respond to the settlement offer is a sham. There is no actual deadline. The sole purpose of the purported deadline is to impart in the consumer a false sense of urgency to pay.

5

36. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

37. 15 U.S.C. § 1692f generally prohibits "unfair or unconscionable means to collect or attempt to collect any debt."

38. Defendant's conduct violated 15 U.S.C. §§ 1692e, 1692e(10) and 1692f.

## COUNT I – FDCPA

39. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

40. The "scratch-and-win" card (Exhibit B) and the statements referring to "winning" a percentage off the balance in Exhibits A are false, misleading, and confusing.

41. In fact, all of the "scratch-and-win" cards purport to offer 88% off the balance of the alleged debt.

42. The "scratch-and-win" concept is a sham, intended to make consumers believe that they are winning a significant discount. In fact, the consumers have no actual obligation to pay the alleged debt at all, outside of foreclosure of the property which has already occurred.

43. Defendant violated 15 U.S.C. §§ 1692e, 1692e(10) and 1692f.

## COUNT II – FDCPA

44. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

45. The purported October 15, 2013 "deadline" in Exhibit C is false and misleading because Real Time would accept a settlement of 15% of the purported balance or less at any time.

46. Defendant violated 15 U.S.C. §§ 1692e, 1692e(10) and 1692f.

## CLASS ALLEGATIONS

47. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the forms represented by Exhibit A and B or Exhibit C, (c) seeking to collect a debt, owed to Real Time, that was assigned to Real Time after default, (d) incurred for personal, family or household purposes, (e) on or after November 20, 2012, (f) that was not returned by the postal service.

48. The Class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the Class.

49. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendant complied with 15 U.S.C. §§ 1692e and 1692f.

50. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

51. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

52. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

53. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: November 20, 2013

                                     **ADEMI & O'REILLY, LLP**

                            By:   /s/ John D. Blythin
                                  Shpetim Ademi (SBN 1026973)
                                  David J. Syrios (SBN 1045779)
                                  John D. Blythin (SBN 1046105)
                                  3620 East Layton Avenue
                                  Cudahy, WI 53110
                                  (414) 482-8000
                                  (414) 482-8001 (fax)
                                  sademi@ademilaw.com
                                  dsyrios@ademilaw.com
                                  jblythin@ademilaw.com